**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ANTONIO HERNANDEZ PADILLA,** )<br>**ID # 1009251,** )<br>    Petitioner, )<br>vs. )<br> )<br>**WILLIAM STEPHENS, Director,** )<br>**Texas Department of Criminal** )<br>**Justice, Correctional Institutions Division,** )<br>    Respondent. ) | No. 3:14-CV-2742-B (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to exhaust state remedies.

**I. BACKGROUND**

Antonio Hernandez Padilla (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

In 2000, Petitioner pled guilty to aggravated sexual assault and was sentenced to a thirty-year term of imprisonment. *State v. Padilla*, No. F00-47293 (265th Jud. Dist. Ct., Dallas Cty., 2000); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records). He subsequently sought leave to file two state petitions for writ of mandamus but was unsuccessful. *Ex parte Padilla*, Nos. WR-60,588-01 and -02 (Tex. Crim. App. 2005) (denying motions for leave to file petition for writ of mandamus). On July 16, 2012, Petitioner filed a state habeas application that is currently still pending in the trial court. *See Ex parte Padilla*, Cause No. W00-47293 (265th Jud. Dist. Ct., Dallas Cty.); *see also* www.dallascounty.org/public.access.php (docket sheet available on the Dallas

County website). The State filed a response to his state application on July 30, 2012, and the trial court filed an order designating issues on August 3, 2012. *Id.* The Dallas County records show no entry since the August 3, 2012 order designating issues. *See id.*

In this federal action, filed on July 31, 2014, Petitioner raises many of the same claims that he raised in his state habeas application, i.e., that he was denied a fair trial, the right to have evidence and witnesses presented, a polygraph test, a psychiatrist, and adequate representation during the guilty plea proceedings. (*See* doc. 3 at 6.) He previously filed a federal petition under 28 U.S.C. § 2254 raising the same claims. *See Padilla v. Thaler,* No. 3:12-CV-4278-B (N.D. Tex.). That petition was dismissed without prejudice for failure to exhaust state court remedies. *See id.* at docs. 22, 23.)

## II. ANALYSIS

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters*, 985 F.2d at 795.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d

233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not satisfied the exhaustion requirement. He acknowledges that his state writ application is still pending in the trial court. (*See* doc. 3 at 8, ¶ 24.) The Texas Court of Criminal Appeals has therefore not had an opportunity to consider Petitioner's claims, and they remain unexhausted. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The petition for writ of habeas corpus should be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[1]

**SO ORDERED** this **9th day** of **October, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] The Clerk of Court is directed to serve a copy of this recommendation on the respondent via the Texas Attorney General.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE